UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| JOHANNA HINES, | ) | |
| | ) | CIVIL ACTION NO. 04-10269-NG |
| Petitioner | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S MOTION TO DISMISS PETITIONER'S
ACTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE OR CORRECT SENTENCE**

The United States of America, by Assistant U.S. Attorney
Antoinette E.M. Leoney, hereby files this motion to dismiss
petitioner's action under 28 U.S.C. § 2255 to vacate, set aside
or correct his sentence.  The petitioner filed his *pro se* § 2255
motion on February 6, 2004.  The government received the
petitioner's action and this Court's Order on February 11, 2004.
The Court ordered the government to file its answer/responsive
pleading within 20 days of receipt of its Order.  On March 2,
2004, the government filed a motion for extension of time until
April 1, 2004, within which to file its answer/responsive
pleading, which is still pending.  The government has this day
also filed a motion for leave to file the within motion.

The essence of the motion filed by petitioner Johanna Hines
("Hines") is that he "[w]as coerced into entering a nolo

contendere plea to an alleged conspiracy to commit bank robbery by governmental agents." Even assuming *arguendo* that this claim has merit, Hines' motion for habeas relief is untimely under the one-year period of limitations imposed by the Anti-terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), and, therefore his petition should be summarily dismissed.

On December 17, 1997, Hines was named in a one-count indictment charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). [Docket Entry, #37]. On October 8, 1999, after two hung juries, Hines pleaded guilty to a one-count superseding information charging him with conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371. [Docket Entry, #204]. On November 15, 1999, this Court (Gertner, J.) sentenced Hines to 48 months in federal prison, followed by 3 years of supervised release. [Docket Entry, #208]. On November 19, 1999, judgment was entered by the Court. [Docket Entry, #209]. As Hines did not appeal the sentence, the judgment became final, at the latest, on November 29, 1999. *See, e.g.,* <u>Kapral v. United States</u>, 166 F.3d 565, 575 (3rd Cir. 1999)(if defendant does not appeal, judgment becomes final). This is Hines' first petition for habeas relief.

Section 105 of the AEDPA establishes a one-year period of limitations within which to file a §2255 motion. The one-year

period runs from "the latest of" four specified events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Hines' claim for habeas relief is time barred because he filed the instant habeas petition more than four years after his judgment of conviction became final, and none of the other limitations under the ADEPA are available to him.  *See* United States v. Trenkler, 268 F.3d 16, 19 (1st Cir. 2001); United States v. Derman, 298 F.3d 34, 39 (1st Cir. 2002).  As noted above, Hines judgment of conviction became final on November 29, 1999, while the within petition was filed on February 6, 2004.

## CONCLUSION

For the above these reasons, the government respectfully requests that this Court summarily deny Hines' *pro se* motion

3

pursuant to 28 U.S.C. §2255.

                                    Respectfully submitted,

                                    Michael J. Sullivan
                                    United States Attorney


                              By:   /s/ Antoinette E.M. Leoney
                                    Antoinette E.M. Leoney
Date: March 29, 2004                Assistant U.S. Attorney



                    CERTIFICATE OF SERVICE

Suffolk, ss.                        Boston, Massachusetts
                                    March 29, 2004

     I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do
hereby certify that I have served by regular mail a copy of the
foregoing Government's Motion to Dismiss Petitioner's Motion to
Vacate, Set Aside or Correct Sentence, to the Petitioner, Johanna
Hines (*Pro Se*), 414 Columbus Avenue, Boston, MA 02115.



                                     /s/ Antoinette E.M. Leoney
                                    ANTOINETTE E.M. LEONEY
                                    Assistant U.S. Attorney